1 F.3d 1242
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William CAVATAIO, Defendant-Appellant.
 No. 92-2484.
 United States Court of Appeals, Sixth Circuit.
 Aug. 3, 1993.
 
 Before: KENNEDY, NORRIS AND KRUPANSKY, Circuit Judges.
 PER CURIAM:
 
 
 1
 The defendant, William Cavataio (defendant), appealed the sentence imposed pursuant to his Rule 11 plea of guilty to a one-count information charging a violation of 18 U.S.C. section 1621, making a material false statement before a grand jury. On appeal, he asserted that the district court incorrectly enhanced his sentence by three levels for substantial interference with the administration of justice pursuant to United States Sentencing Guideline (U.S.S.G.) section 2J1.3(b)(2).
 
 
 2
 Pursuant to reliable information disclosed by an information, the United States Attorney's Office for the Eastern District of Michigan initiated a grand jury investigation of a purported price-fixing and territorial protection conspiracy operating in the dry cleaning products industry within the area of Troy, Michigan. Document subpoenas were issued to two full service dry cleaning supply companies, Levin & Sons (Levin) and Flom's. The scope of the investigation embraced price-fixing of all types of laundry supplies and territorial protection. The proceedings subsequently implicated a third dry cleaning supplier, Grow, Inc, a New York Corporation specializing in industrial coatings. Grow maintained a small one-employee sales operation in Michigan that sold a single dry cleaning compound, i.e., perchloroethylene or perc. The defendant was employed by Grow.
 
 
 3
 In June of 1990, the defendant was summoned and given immunity for his testimony concerning the price-fixing allegations. It is undisputed that when confronted with direct questions concerning the price-fixing allegations and the involvement of his company, the defendant perjured himself and denied any knowledge of a price-fixing scheme.
 
 
 4
 Subsequently, the United States subpoenaed additional witnesses and immunized a co-conspirator who confirmed the existence of a price-fixing scheme and the involvement of various personnel at Levin, Flom's and Grow.
 
 
 5
 On February 10, 1992, the defendant entered into a Rule 11 plea agreement and pleaded guilty to an information charging him with one count of perjury in violation of 18 U.S.C. section 1621. Specifically, he pleaded guilty to willfully giving material false testimony under oath before a federal grand jury concerning the conspiracy within the dry cleaning and laundry supply business in Michigan. As a condition of the plea agreement, the defendant agreed to fully and truthfully cooperate with the United States in the prosecution of persons involved in the dry cleaning and laundry supply industry.
 
 
 6
 At sentencing, the government recommended a three-level enhancement in defendant's base offense level for interfering with the administration of justice under U.S.S.G. section 2J1.3(b)(2). The government argued that when defendant committed perjury in June of 1990, there was no direct evidence implicating Grow and the defendant in the price fixing scheme. It further charged that as a result of defendant's perjury, the United States was required to expend substantial resources to continue the investigation for several months, required to subpoena additional witnesses, and required to immunize a co-conspirator in order to develop the evidence which the defendant concealed by lying to the grand jury. Finally, the government stated that the defendant had full knowledge of the entire scope of the conspiracy, including the identity of its participants, even though his personal involvement was limited to discussions and agreements on the price of one product, perc.
 
 
 7
 The defendant objected to this enhancement arguing that at the time he initially appeared before the grand jury in June of 1990 and denied knowledge of the conspiracy and the parties to the conspiracy, the government and the grand jury already were aware of the information that he intentionally failed to disclose. Consequently, he charged that he could not have and did not impede the investigation.
 
 
 8
 After reviewing the transcripts of the grand jury testimony, the district court imposed the three-level enhancement:
 
 
 9
 And considering all that, this Court is satisfied that there is no question that the defendant knew about the activities of the other individuals that were involved in this, in this scheme. And the Court is satisfied that the government carried their burden with respect to showing that there's been substantial interference with the administration of justice. So, I'm going to rule that the three points should be added to the twelve of perjury with respect to this case.
 
 
 10
 The court further reduced defendant's base offense level by two for acceptance of responsibility. Accordingly, the defendant received a base offense level of 13, resulting in a sentencing range of 12 to 18 months. The court sentenced defendant to 12 months of imprisonment, a two-year period of supervised release, and imposed a $2,000 fine.
 
 
 11
 The defendant timely filed a notice of appeal on November 19, 1992.
 
 
 12
 This court applies a clearly erroneous standard of review of the district court's factual findings and accords due deference to the district court's application of the sentencing guidelines to those facts. United States v. Garner, 940 F.2d 172, 174 (6th Cir.1991). Section 2J1.3(b)(2) of the sentencing guidelines provides that "[i]f the perjury or subornation of perjury resulted in substantial interference with the administration of justice, increase by 3 levels." Application note 1 to section 2J1.3 provides that
 
 
 13
 "Substantial interference with the administration of justice" includes a premature or improper termination of a felony investigation; an indictment, verdict, or any judicial determination based upon perjury, false testimony, or other false evidence; or the unnecessary expenditure of substantial governmental or court resources.
 
 
 14
 (emphasis added).
 
 
 15
 Substantial interference with the administration of justice may be inferred when the defendant has concealed evidence not already known by the government. United States v. Jones, 900 F.2d 512, 522 (2d Cir.), cert. denied, 498 U.S. 846 (1990). Moreover, when the government is required to examine additional witnesses and immunize persons whom it otherwise could have prosecuted, circuit courts have concluded that a defendant's denials before a grand jury needlessly complicated the government's investigation and prosecution. United States v. Butt, 955 F.2d 77 (1st Cir.1992). See also United States v. Lueddeke, 908 F.2d 230 (7th Cir.1990) (trial court's section 2J1.3 enhancement is not clearly erroneous when officers are required to expend two additional weeks attempting to sort out truth). The government need not particularize a specific number of hours expended by governmental employees to prove substantial interference with the administration of justice. Jones, 900 F.2d at 522.
 
 
 16
 In the instant action, the district court's conclusion that defendant's perjury before the grand jury substantially interfered with the administration of justice was not clearly erroneous. A review of the grand jury transcripts indicated that had defendant testified truthfully in June of 1990, he would have revealed evidence of his own price fixing activities with Flom's and Levin and conversations he heard between Flom's and Levin personnel concerning the price fixing of dry cleaning supplies in addition to perc. The government did not have evidence of Grow's involvement in the price-fixing operation prior to defendant's June of 1990 appearance before the grand jury, and subsequently was required to immunize a co-conspirator to ascertain evidence of Grow's participation with Levin and Flom's in the operation.
 
 
 17
 After a review of the record in its entirety, the disposition of the district court is hereby AFFIRMED.